UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| REBECCA HEIZER,<br><br>Plaintiff,<br><br>v.<br><br>ZEPHYR HEIGHTS GENERAL IMPROVEMENT DISTRICT, a General Improvement District of the County of Douglas, Nevada; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 3:18-cv-00606-MMD-CLB<br><br>ORDER |
|---|---|

## I. SUMMARY

Defendant Zephyr Heights General Improvement District operates a storm water drainage system that allegedly resulted in flooding of 615 Stanley Circle, Zephyr Cove, Nevada ("Property"), which Plaintiff Rebecca Heizer claims to own under the fictitious name "Holings 37."[1] (ECF No. 2 at 2-3.) Before the Court is Defendant's second motion to dismiss (the "Motion").[2] (ECF No. 14.) For the reasons explained below, the Court will grant the Motion for lack of standing.

## II. BACKGROUND

Plaintiff alleges the following claims in her amended complaint ("FAC"): (1) Takings Clause; (2) Article I, Section VIII(6) of the Nevada Constitution; (3) 42 U.S.C. § 1983; (4) attorneys fee under 42 U.S.C. § 1988(b); (5) negligence; (6) nuisance; (7) trespass; and (8) denial of service. (ECF No. 9 at 7-12.) Plaintiff's initial Complaint makes no mention of

---

[1] "Holdings 37" was presumably the intended name (*see* ECF No. 9 at 3), but "Holings 37" is the current owner of the Property so the Court will continue to refer to that name in this order.

[2] The Court has reviewed Plaintiff's opposition (ECF No. 16) and Defendant's reply (ECF No. 17).

Holings 37 (ECF No. 1), the current Property owner of record (*see* ECF Nos. 7-2 (Grant Deed from Plaintiff to Holings 37 ("Grant Deed"), 14-2 (same)). It was not until Defendant filed a first motion to dismiss attaching the Grant Deed (ECF No. 7-2 at 2) that Plaintiff amended her Complaint (ECF No. 9). She now alleges that she holds title to the Property under the fictitious name "Holdings 37," also known as "Holings 37." (ECF No. 9 at 3.) She further alleges that she filed a Fictious Firm Name Certificate ("Certificate") in Douglas County pursuant to NRS § 602.010,[3] but she never filed the Certificate with the Court. (*Id.*) Unlike Plaintiff's initial Complaint, the caption of the FAC now reflects "REBECCA HEIZER, individually and doing business as HOLDINGS 37, also known as HOLINGS 37." (*Id.* at 1.)

### III. LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *See McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Plaintiff's burden is subject to a preponderance of the evidence standard. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Federal courts are courts of limited jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A federal court is presumed to lack jurisdiction in a case unless the contrary affirmatively appears. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Because subject matter jurisdiction goes to the power of the court to hear a case, it is a threshold issue and may

---

[3] "Every person doing business in this state under an assumed or fictitious name that is in any way different from the legal name of each person who owns an interest in the business must file with the county clerk of each county in which the business is being conducted a certificate containing the information required by NRS 602.020." NRS § 602.010.

2

be raised at any time and by any party." *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004) (citing Fed. R. Civ. P. 12(b)(1)). The party invoking federal jurisdiction, here Plaintiff, bears the burden of establishing the constitutional minimum of standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To establish standing, the plaintiff must have personally suffered an injury in fact—an invasion of a legally protected interest. *Id.*; *see also Kaviani v. Caliber Home Loan*, No. 2-19-cv-111-MMD-CWH, 2019 WL 3219140, at *5 (D. Nev. July 17, 2019) (dismissing case for lack of standing where plaintiff attempts to bring claims relating to interest in real property without demonstrating an individual ownership interest in the property). Furthermore, standing must be established at the time the complaint is filed to confer jurisdiction. *See Lujan*, 504 U.S. at 606.

## IV.   DISCUSSION

Defendant argues *inter alia* that Plaintiff lacks standing to bring this action because an unknown entity named Holings 37—which is not identified as a person, company, or corporation—owns the Property, not Plaintiff. (ECF No. 14 at 12-13; ECF No. 14-2.) Although Plaintiff alleges that she holds title to Property under the fictitious name "Holings 37" and "Holdings 37" (ECF No. 9 at 3), Defendant argues that NRS § 111.055 does not authorize anyone to own real property under a fictitious name. (ECF No. 14 at 12-13.) That statute only says that "[a]ny nonresident alien, *person or corporation* may take, hold and enjoy any real property or any interest in lands . . . within the State of Nevada as fully, freely, and upon the same terms and conditions as any resident citizen, *person or domestic corporation*." NRS § 111.055 (emphases added). Plaintiff later concedes that "[a] transfer of property to a fictitious person is a complete nullity, transferring no title," and therefore Plaintiff remains the Property's owner and has standing to pursue this action. (ECF No. 16 at 10 (quoting *Temora Trading Co. v. Perry*, 645 P.2d 436, 437-38 (1982)).)

///

///

///

Defendant counters that Plaintiff must first file a quiet title action[4] to have the correct ownership reflected in the record. (ECF No. 14 at 14.) "Until this is done, [Plaintiff] lacks standing to bring her claims." (*Id.*) The Court agrees.

Plaintiff has not established an interest in the Property nor standing at the time she filed this action. *See Lujan*, 504 U.S. at 606. Holings 37, not Plaintiff, is the current owner of the Property (ECF No. 14-2 at 2); and the initial Complaint does not even mention Holings 37 (ECF No. 1). Plaintiff now claims Holings 37 is her business alias (ECF No. 9 at 3), but she has not presented the Certificate (*see id.*) nor any other evidence. In fact, it is unclear whether Holings 37 is a person, corporation or something else. Plaintiff cannot attempt to establish her interest in the Property now and retroactively confer standing upon herself.[5]

In sum, the Court grants the Motion pursuant to Rule 12(b)(1) for lack of standing.

**V.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

---

[4]"NRS [§] 40.010 governs Nevada quiet title actions and provides: 'An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim.'" *Nationstar Mortg., LLC v. Springs at Spanish Trail Ass'n*, No. 2:15-cv-01217-JAD-GWF, 2016 WL 1298106, at *2 (D. Nev. Mar. 31, 2016). "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title." *Bank of New York Mellon v. Legends Maint. Corp.*, No. 2-16-cv-02567-MMD-GWF, 2017 WL 3813904, at *2 (D. Nev. Aug. 31, 2017) (citing to *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013)).

[5]Setting aside the fact that the Court has no subject matter jurisdiction to even hear this case, there are two reasons why it is procedurally improper for Plaintiff to quiet title at this juncture. Such relief must be pled pursuant to Federal Rule of Civil Procedure 8(a)(3) ("A pleading that states a claim for relief must contain . . . a demand for the relief sought."). Moreover, Plaintiff must join Holings 37 in this action because the Grant Deed reflects that the entity "claims an interest" in the Property, and therefore disposing this action in Holings 37's absence would "as a practical matter impair or impede the [entity's] ability to protect [its] interest." Fed. R. Civ. P. 19(a)(1)(b)(i).

4

It is further ordered that Defendant's motion to dismiss (ECF No. 14) is granted.

The Clerk of Court is directed to enter judgment in Defendant's favor in accordance with this order and close this case.

DATED THIS 4th day of December 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE